IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VECENTIE SONTIAGO MORALES, JR., <br> a/k/a/ VEE S. MORALES, JR., <br><br> Petitioner, <br><br> v. <br><br> JUSTIN JONES, Director, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIV-09-1275-C |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the conviction for Uttering a Forged Instrument after a previous felony conviction entered in the District Court of Comanche County, Case No. CF-2002-22. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be DISMISSED upon filing.

In 1999, Petitioner entered a guilty plea to charges in two criminal proceedings filed against him in the District Court of Comanche County, Oklahoma. In Case No. CF-1998-

1

195, Petitioner entered a guilty plea to one count of Obtaining Merchandise or Money By Means of False and Bogus Check after one prior felony conviction. In Case No. CF-1998-268, Petitioner entered a guilty plea to one count of Obtaining Merchandise or Money By Means of False and Bogus Check after one prior felony conviction. On May 19, 1999, Petitioner was sentenced in each of these cases to serve a ten-year term of imprisonment with all but the first 18 months of the sentence suspended and with the sentences to run concurrently with each other. Subsequently, an application to revoke the suspended sentences in these cases was filed in the district court. In a hearing conducted in the District Court of Comanche County on May 3, 2005, the court revoked the suspended sentences in each of these cases. In each case, Petitioner was sentenced to serve a term of imprisonment of eight years and six months, with the sentences to run concurrently with each other.

On January 16, 2002, Petitioner was charged in the District Court of Comanche County, Oklahoma in Case No. CF-2002-22 with the felony offense of Uttering a Forged Instrument after one prior felony conviction. In a two-stage jury trial conducted on August 15-16, 2005, the jury found Petitioner guilty of the habitual offender offense and recommended a sentence of 27 years of imprisonment. Consistent with the jury's recommendation, Petitioner was sentenced on August 16, 2005, to serve a 27-year term of imprisonment. The Judgment and Sentence in Case No. CF-2002-22 does not mention the revocation sentences Petitioner was previously ordered to serve in Case Nos. CF-1998-195 and CF-1998-268. Petitioner appealed the conviction in Case No. CF-2002-22 and asserted that (1) the trial court erred in admitting evidence of other crimes and (2) Petitioner did not

knowingly and voluntarily waive his Sixth Amendment right to the assistance of counsel for the purpose of his jury trial. On August 17, 2007, the Oklahoma Court of Criminal Appeals ("OCCA") issued a decision affirming Petitioner's conviction and sentence in Case No. CF-2002-22.

In the instant Petition, Petitioner asserts that the trial court intended for his sentence in Case No. CF-2002-22 to run concurrently with his sentences entered in Case Nos. CF-1998-195 and CF-1998-268. However, Petitioner contends that the Oklahoma Department of Corrections ("ODOC") refused to follow the intent of the trial court and determined that Petitioner's sentence in Case No. CF-2002-22 runs consecutively to the sentences he is serving in Case Nos. CF-1998-195 and CF-1998-268.[1] Petitioner asserts that he has exhausted both administrative and state court remedies concerning this claim.

In a previous 28 U.S.C. § 2254 petition for a writ of habeas corpus filed in this Court, Petitioner challenged his Comanche County conviction and sentence entered in Case No. CF-2002-22. In Morales v. Jones, Case No. CIV-08-828-C, Petitioner raised the same two grounds for relief he asserted in his state direct appeal. United States District Judge Cauthron referred the petition to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) for initial proceedings. The undersigned entered a Report and Recommendation on October 31, 2008, recommending that the habeas petition be denied. On

---

[1] According to the ODOC's public records, Petitioner has been discharged from confinement with respect to his convictions in Case Nos. CF-1998-195 and CF-1998-268 and he is now serving the 27-year term of imprisonment entered for his conviction in Case No. CF-2002-22. http://www.doc.state.ok.us (offender search for Vee Morales accessed November 24, 2009).

March 4, 2009, United States District Judge Cauthron entered an Order and Judgment adopting the Report and Recommendation and denying habeas relief. Petitioner has appealed this decision to the United States Court of Appeals for the Tenth Circuit. Morales v. Jones, Tenth Circuit Court of Appeals Case No. 09-6067.

II. Discussion

As part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, effective April 24, 1996, 28 U.S.C. § 2244 was amended to provide that:

> [b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). An identical provision is found in 28 U.S.C. § 2255(h), the statute governing federal prisoners' motions challenging their federal convictions and sentences. This "screening" mechanism applies to the instant Petition filed November 18, 2009. See Felker v. Turpin, 518 U.S. 651, 664 (1996)(upholding constitutionality of §2244(b)(3)(A)); Hatch v. Oklahoma, 92 F.3d 1012, 1014 (10th Cir. 1996)(habeas petition filed after effective date of AEDPA must comply with its relevant provisions).

Because this is the second attempt by Petitioner to challenge the conviction and sentence entered against him in Case No. CF-2002-22, and the previous habeas petition challenging the same conviction and sentence was resolved on its merits, the instant Petition is a second or successive petition. Further, Petitioner has not demonstrated that he has been

4

authorized by the Tenth Circuit Court of Appeals to file a successive § 2254 petition challenging this conviction.

"When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the circuit] court, the district court may transfer the matter to [the circuit] court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008)(*per curiam*). When there is no risk that a meritorious successive § 2254 claim will be lost if the petition is not transferred to the circuit court, the district court may dismiss the petition. Id.

Petitioner asserts that following his incarceration he "eventually" learned that ODOC was not running his sentence in Case No. CF-2002-22 concurrently with his sentences in Case Nos. CF-1998-195 and CF-1998-268. On August 25, 2008, Petitioner filed a Request to Staff directed to the Records Clerk at the Lawton Correctional Facility ("LCF") where Petitioner is incarcerated. In this administrative form, Petitioner requested to have his prison record amended to reflect that his sentence in Case No. CF-2002-22 should be served concurrently with his sentences in Case Nos. CF-1998-195 and CF-1998-268 as ordered by the trial court. Petitioner's Request to Staff and subsequent grievance concerning this issue were denied. According to Petitioner, he sought mandamus relief in the District Court of Comanche County, asserting the same claim. The mandamus petition was denied. In his appeal of the denial to the OCCA, the OCCA issued a decision affirming the trial court's denial of mandamus relief. Petitioner has not provided a copy of the OCCA's decision in his

5

mandamus appeal.

Petitioner contends that his state sentence should run concurrently rather than consecutively to the earlier sentences entered for his unrelated convictions. However, the state court record presented by Petitioner does not support his claim that the trial court intended to run his sentence in Case No. CF-2002-22 concurrently, rather than consecutively, with his earlier sentences imposed in the revocation proceedings. Petitioner has not pointed to any evidence supporting his subjective conclusion that the trial court intended for his sentence imposed in Case No. CF-2002-22 to run concurrently with the previously-imposed sentences.

"It is well established that courts may constitutionally impose consecutive sentences for completely distinct and separate offenses." Woodberry v. Hannigan, 37 Fed. Appx. 404, 406 (10th Cir. 2002)(unpublished op.). In Oklahoma, sentencing judges "have the discretion to enter a sentence concurrent with any other sentence." Okla. Stat. tit. 22, § 976. See Harris v. State, 772 P.2d 1329, 1331 (Okla. Crim. App. 1989)(trial court has discretion to determine whether sentences are served consecutively or concurrently). By law in Oklahoma, when an individual is convicted of two or more crimes in the same or in different proceedings and the judgment and sentence does not specify that a sentence is to run concurrently with another sentence, "the sentence which is first received at the institution shall commence and be followed by those sentences which are subsequently received at the institution, in the order in which they are received by the institution...."Okla. Stat. tit. 21, § 61.1.

Because Petitioner's habeas claim presented in the instant Petition has no merit, the

interest of justice is better served by dismissing the Petition for lack of jurisdiction rather than transferring the matter to the circuit court pursuant to 28 U.S.C. § 1631. Therefore, the Petition should be dismissed with prejudice for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED upon filing for lack of jurisdiction. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by  December 21st, 2009, in accordance with 28 U.S.C. §636 and LCvR 72.1. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this  30th  day of  November , 2009.

*Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE